IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARLON JASON AMBERS, #222154, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:17-CV-710-WHA-SMD |
| ) | [WO] |
| PHYLLIS J. BILLUPS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Marlon Jason Ambers. Doc. 5.[1] Ambers challenges a judgment of the Circuit Court of Montgomery County revoking his probation. For the following reasons, it is the RECOMMENDATION of the undersigned magistrate judge that Ambers's Petition be DENIED and that this case be DISMISSED with prejudice.

**I. BACKGROUND**

On January 15, 2014, in Case No. CC-2014-9, Ambers pled guilty in the Circuit Court of Montgomery County to third-degree burglary and second-degree theft of property. Doc. 17-2 at 11. On that date, the trial court sentenced Ambers to 81 months in prison. *Id.*

---

[1] References to "Doc(s)" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

at 14. The court split the sentence and ordered that Ambers first serve one year of incarceration to be followed by two years of probation. *Id*.

On May 3, 2017, a notice of probation violation was filed alleging that Ambers had violated his probation by committing new criminal offenses (harassment and theft of property).[2] Following a revocation hearing on May 31, 2017, the trial court revoked Ambers's probation and ordered him to serve the remainder of his 81-month sentence. Ambers did not appeal from the trial court's judgment.

Ambers initiated this habeas action in September 2017.[3] He claims that the trial court lacked jurisdiction to revoke his probation in May 2017 because his probation had expired before the revocation proceedings were initiated. Docs. 5, 15. Respondents filed an answer arguing that Ambers's claim was not exhausted in state court in accordance with Alabama's procedural rules. Doc. 17 at 11–13. This Court entered an order informing Ambers of Respondents' answer and advising him that any attempt to return to state court to exhaust his claim would be procedurally barred under state law. Doc. 19 at 1. The Court

---

[2] It appears that the two-year probationary term of Ambers's sentence in Case No. CC-2014-9 did not begin to run until March 12, 2016, when Ambers's sentence for a previous Montgomery County, Alabama conviction expired. The undersigned takes judicial notice of the records of Ambers's state court proceedings found on the Alacourt website. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); *see also* Fed. R. Evid. 201.

[3] Ambers initiated this action through a complaint filed in the Northern District of Alabama. Doc. 1. The Northern District Court found Ambers was challenging his Montgomery County sentence and transferred the case to this Court. Docs. 3, 4, 7. Ambers then filed a petition for writ of habeas corpus, which was docketed as petition for writ of habeas corpus under 28 U.S.C. § 2254. Docs. 5, 8.

further advised Ambers that a procedural default would bar this Court's consideration of the merits of his claim unless he could establish "cause" for failing to exhaust his claim in the state courts and show "prejudice" resulting from this failure. *Id*. at 1–2. Ambers, however, filed no reply.

## II.  DISCUSSION

### A.  Procedural Default

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must exhaust his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See, e.g.*, 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See, e.g.*, *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39, 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

3

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *See, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). If a petitioner fails "to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Here, Ambers took no appeal from the trial court's May 31, 2017 judgment revoking his probation. Ambers failed to submit his claim through a complete round of Alabama's established appellate review process. Accordingly, he failed to exhaust his claim in the state courts. Ambers may no longer return to the state courts to exhaust his claim. It is too late for him to raise his claim in an appeal to the Alabama Court of Criminal Appeals. In Alabama, an appeal from a judgment revoking probation must be filed within 42 days after that judgment. *See, e.g.*, *Wank v. State*, 18 So. 3d 972, 973–74 (Ala. Crim. App. 2009); Ala. R. App. P. 4(b)(1). Ambers did not appeal from his probation revocation. Thus, Ambers's claim is procedurally defaulted under the exhaustion and preclusion rules. *See, e.g.*, *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

**B.   Exceptions to Procedural Default**

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of

4

actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).  Cause for a procedural default ordinarily turns on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules.  *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982).  To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions."  *Murray,* 477 U.S. at 494 (internal quotations and emphasis omitted).  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson,* 353 F.3d at 892.  "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup,* 513 U.S. at 324.

This Court entered an order affording Ambers an opportunity to demonstrate the existence of cause for his failure to exhaust his claim in the state courts and prejudice resulting from this failure.  Doc. 19 at 1–2.  Ambers did not respond to the Court's order and has not tried to assert cause excusing his procedural default of his claim.  Further, he does assert his actual innocence or assert that a fundamental miscarriage of justice would occur if his claim is not decided on the merits by this Court.  For these reasons, then, Ambers's procedurally defaulted claim is foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned magistrate judge that Ambers's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **December 7, 2020.**  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of November, 2020.

/s/ Stephen M. Doyle
CHIEF UNITED STATES MAGISTRATE JUDGE